# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ANTERINE MAPLE, as Administratrix of
the Estate of Kevin George, Jr., deceased, the
Estate of Zion George, deceased, and in her
own right,

                             Plaintiff,

        v.

DELAWARE DEPARTMENT OF
NATURAL RESOURCES AND
ENVIRONMENTAL CONTROL; FRANK
M. PIORKO, in his individual capacity and
as an agent of the Delaware Department of
Natural Resources and Environmental
Control; CHARLES E. WILLIAMS, II, in
his individual capacity and as an agent of the
Delaware Department of Natural Resources
and Environmental Control; DANIEL J.
BROWER, in his individual capacity and as
an agent of the Delaware Department of
Natural Resources and Environmental
Control; SARAH W. COOKEY, in her
individual capacity and as an agent of the
Delaware Department of Natural Resources
and Environmental Control; FRANK J.
CIANFRANI; and JOHN C. BECKERING,
PE,

                           Defendants.

Civ. Action No. 22-857-JLH

_____

Katherine Butler, KATE BUTLER LAW LLC, Attorney for Plaintiff.

Devera Breeding Scott, Deputy Attorney General, DELAWARE DEPARTMENT OF JUSTICE, Attorney for DNREC Defendants.

Dylan J. Steinberg, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF DELAWARE, Attorney for USACE Defendants.

_____

**MEMORANDUM OPINION**

May 8, 2026
Wilmington, Delaware

**Hall, District Judge:**

Pending before the Court are (1) Defendants Delaware Department of Natural Resources and Environmental Control ("DNREC"), Frank M. Piorko, Charles E. Williams, II, Daniel J. Brower, and Sarah W. Cooksey's ("DNREC Individual Defendants") (together, the "DNREC Defendants") Motion to Dismiss Plaintiffs' Complaint (D.I. 57), and (2) Defendants Frank J. Cianfrani and John C. Beckering's ("USACE Defendants") Motion to Dismiss Plaintiffs' Complaint (D.I. 80). I have reviewed the briefing and relevant authorities. For the reasons set forth below, both motions will be GRANTED.

## I.    BACKGROUND

The Complaint (D.I. 1 ("Compl.")) raised twenty-two state and federal claims stemming from the unfortunate deaths of Kevin George, Jr. and Zion George, who drowned while swimming in the Murderkill River at South Bowers Beach in Kent County, Delaware on June 30, 2020. I assume familiarity with the allegations in the Complaint, which generally alleges that Defendants are liable for the deaths due to their roles in a dredging and jetty construction operation that took place along the Murderkill River years earlier, in 2013 and 2014. Plaintiff alleges that the operations caused a change in the tidal flow, which in turn caused a danger to recreational swimmers who might unsuspectingly get swept up in the strength of the water's current. The DNREC Defendants moved to dismiss for lack of subject matter jurisdiction and failure to state a claim, and the USACE defendants moved to dismiss for failure to state a claim.

This case was originally assigned to Judge Maryellen Noreika, then reassigned to Judge Gregory B. Williams, and then reassigned to me in 2024. Before I got the case, Judge Williams had already partially ruled on the pending motions to dismiss, and he dismissed the claims arising

under Delaware law.  (D.I. 86.)  Judge Williams asked for supplemental briefing on the federal claims.  (*Id*.)

After the case was reassigned to me, I ordered the parties to submit a joint status letter containing (i) a table that clearly identifies which claims are pending against which defendants and (ii) a list of motions/matters that require judicial action.  (D.I. 107.)  On February 21, 2024, the parties filed a letter indicating that the only claims that have not been dismissed are Counts I through IV (against the DNREC Defendants only) and Count XVII (against the USACE Defendants only).  (D.I. 108.)  The sole remaining Plaintiff is Anterine Maple, in her own right, and as Administratrix of the Estate of Kevin George, Jr., deceased, and the Estate of Zion George, deceased.  (*See* D.I. 108 (noting the remaining pending claims, all of which were brought by Maple).)

## II.    LEGAL STANDARDS

### A.  Subject Matter Jurisdiction – Fed. R. Civ. P. 12(b)(1)

Federal courts must dismiss an action if they lack subject matter jurisdiction.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  Where, as here, a motion to dismiss presents a facial challenge to subject matter jurisdiction, courts consider the allegations as true and grant the motion only if the claim nevertheless fails to allege facts upon which the court may base jurisdiction.  *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 320 (3d Cir. 2018).

### B.  Failure to State a Claim – Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A possibility of relief is not enough. *Id.* In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

### III.    DNREC DEFENDANTS' MOTION TO DISMISS

The DNREC Defendants argue that Counts I through IV of the Complaint should be dismissed for lack of subject matter jurisdiction insofar as they purport to assert claims against DNREC and the other DNREC Defendants in their official capacities, and that Counts I through IV should also be dismissed for failure to state a claim insofar as they assert claims against the DNREC Defendants in their individual capacities.

Counts I through IV all assert claims under 42 U.S.C. § 1983. Count I is styled, "Violations of Civil Rights – 42 U.S.C.A. § 1983[,] Substantive Due Process – Fourteenth Amendment[,] State Created Theory of Liability – Individual Direct Liability," and it requests "compensatory damages" and other monetary relief. (Compl. at 27, 33.) Count II is styled, "Violations of Civil Rights – 42 U.S.C.A. § 1983[,] Substantive Due Process – Fourteenth Amendment[,] State Created Theory of Liability – Supervisory Liability," and it requests "compensatory damages" and other monetary relief. (*Id.* at 34, 37.) Count III is styled, "Violations of Civil Rights – 42 U.S.C.A. § 1983[,] Substantive Due Process – Fourteenth Amendment[,] Failure to Warn Theory of Liability – Individual Direct Liability," and it requests "compensatory damages" and other monetary relief. (*Id.* at 37, 41.) Count IV is styled, "Violations of Civil Rights – 42 U.S.C.A. § 1983[,] Substantive

Due Process – Fourteenth Amendment[,] Failure to Warn Theory of Liability – Supervisory Liability," and it requests "compensatory damages" and other monetary relief. (*Id.* at 42, 44–45.)

### A. Claims Against DNREC and the DNREC Defendants in Their Official Capacities

Counts I through IV against DNREC and the DNREC Defendants in their official capacities must be dismissed. Counts I through IV all assert claims under 42 U.S.C. § 1983. The problem for Plaintiff is that, although "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, [] it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Suits for damages against states, state agencies, and state officials in their official capacities are not cognizable under § 1983. *Id.* at 66–71. Counts I through IV will be dismissed as to DNREC and the DNREC Defendants in their official capacities.

### B. Claims Against the Individual DNREC Defendants in Their Individual Capacities

Counts I through IV against the individual DNREC Defendants in their individual capacities must also be dismissed. Counts I through IV all assert claims under § 1983 for alleged violations of the decedents' rights to "substantive due process" under the Fourteenth Amendment. The problem for Plaintiff here is that the Due Process Clause does not impose an affirmative obligation on the state to protect its citizens. *DeShaney v. Winnebago Cty. Soc. Servs. Dept.*, 489 U.S. 189, 196 (1989) ("The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security."). Only when the state takes custody of a citizen does an affirmative duty to protect arise. *Id*. at 199–200.

While the so-called "state-created danger doctrine" permits recovery against a state official under certain circumstances, it requires (among other things), that the defendant "acted with a degree of culpability that shocks the conscience." *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006). The Complaint does not allege any facts plausibly suggesting that the

6

individual DNREC defendants acted with a degree of culpability that shocks the conscience. At best, the Complaint alleges that the individual DNREC Defendants acted negligently in their execution of the dredging and jetty construction and their failure to warn recreational swimmers of potential dangers.

The deaths of Kevin George, Jr., and Zion George are undeniably tragic. But Plaintiff cannot seek redress under § 1983 on the theory that the decedents' constitutional rights to due process were violated. Counts I through IV will be dismissed as to the DNREC Defendants in their individual capacities.

## IV.    USACE DEFENDANTS' MOTION TO DISMISS

The sole remaining claim against the USACE Defendants is Count XVII, which is styled, "Violations of Civil Rights[,] Substantive Due Process – Fourteenth Amendment." (Compl. at 92.) Count XVII must also be dismissed. For one thing, the parties don't dispute that the USACE Defendants are federal actors, and the Fourteenth Amendment does not apply to federal actors. *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001).

Plaintiff's briefing suggests that she is perhaps intending to assert a *Bivens* claim against the USACE Defendants in their individual capacities for violations of the decedents' due process rights under the Fifth Amendment. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 396–98 (1971). But the Supreme Court has not yet extended *Bivens* to the context here, and this Court concludes that *Bivens* does not extend to the context here. *See Hernandez v. Mesa*, 589 U.S. 93, 99 (2020).

7

## V.     CONCLUSION

As stated above, the Court GRANTS the remaining portions of the DNREC Defendants'

Motion to Dismiss and the USACE Defendants' Motion to Dismiss.  The Court will issue an Order

consistent with this Memorandum Opinion.